Cole, Ch. J.
The following is the agreed statement of facts in the case, and the only question is, whether plaintiff is entitled to judgment thereon:
“ That Dan Lawrence, after being elected clerk of the district court for Winneshiek county, Iowa, and before qualifying as such, while a deputy in the office of S. W. Matteson, the then incumbent of said office, in the month of December, 1866, made a contract with this plaintiff that, if he, plaintiff, would come into said office and work at certain matters that had been neglected, he, Lawrence, would board plaintiff, and use his best endeavors to assist plaintiff in getting his pay for said services, either from defendant or of said Matteson; that plaintiff went to work under said contract and worked till the 7th day of January, 1867, at which time said Lawrence qualified as such clerk, and plaintiff qualified as his deputy, and as such deputy received a salary of $700 per year; that, after the said 7th of January, 1867, plaintiff performed the services sued on herein, in the office of said Lawrence, clerk as aforesaid; that said defendant’s board of supervisors settled with said Matteson, accepted his books in an imperfect condition, and turned them over to said Lawrence; that said services sued on herein were correcting said imperfections, and putting said books in the condition required by law; that said services were worth the amount charged, and that the account attached to the petition herein, and sued on herein, was presented to defendant’s board of supervisors, and they refused to allow the same.”
No absolute or imperative necessity for the doing of the particular work at that particular time is shown or claimed. Nor is it claimed that plaintiff was employed by the defendant or its authorized agent to do the work. The case is one, then, of performance of labor for the defendant without privity or request; with no voluntary acceptance of the labor shown, and however meritorious or beneficial it may be, it affords no cause of action. See 1 Pars, on Cont. (5th ed.) 466, and authorities cited. The fact that the court had settled with its former clerk, and had accepted his books and, therefore, needed the services of plaintiff, is not sufficient. The county might choose to employ some other person at some other time; its choice or direction cannot be controlled by plaintiff.
Affirmed.